UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEVERTON ESGRANCE,
                            Plaintiff,

             -v-

UNITED STATES OF AMERICA,
                            Defendant.

17-CV-8352 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

This is a tort claim against the federal government. Plaintiff Weverton Esgrance worked for a federal contractor and was injured while working on federal government property. The Government moves to dismiss, arguing that the Federal Tort Claims Act ("FTCA") does not waive sovereign immunity for wrongdoing by federal contractors. For the reasons that follow, the motion is granted in part and denied in part.

I.    Background

Esgrance is a construction worker. Esgrance worked for John Civetta & Son, Inc.—or "Civetta"—a construction company and government contractor. (Dkt. No. 1 ("Compl.") ¶¶ 8–10.) In 2017, Esgrance worked on a floodwall project at a Department of Veterans Affairs ("VA") building. Esgrance slipped, fell, and was injured. (Compl. ¶ 11.) He claims that the VA was negligent in maintaining the construction site. (Compl. ¶ 14.) The Complaint asserts claims for negligence and for violation of New York labor laws.

The Government moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction. In response, Esgrance concedes that his New York statutory claims may be dismissed, but insists that his negligence claim should survive. (Dkt. No. 14 at 5.)

1

## II. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The burden is on the plaintiff to prove by a preponderance of the evidence that subject matter jurisdiction exists. *Id.* In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. *Id.*

A defendant may make a fact-based Rule 12(b)(1) motion using evidence not in the complaint. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). If the defendant's evidence raises a factual defect in jurisdiction, "the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant." *Id.* "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision as to [subject matter jurisdiction]." *Id.*

## III. Discussion

The Federal Government is generally immune from tort suits except where it has waived sovereign immunity. The Federal Tort Claims Act waives sovereign immunity for, among other things:

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

For the purposes of the FTCA, "Employee of the government" includes "officers or employees of any federal agency" and "persons acting on behalf of a federal agency in an official

capacity, temporarily or permanently in the service of the United States." 28 U.S.C. § 2671. The term "federal agency," for the purposes of the FTCA, "does not include any contractor with the United States." *Id.*; *see also Roditis v. United States*, 122 F.3d 108, 112 (2d Cir. 1997) ("[W]here the United States is wholly without fault, the federal government may not be held liable for a negligent or wrongful act or omission of an independent contractor.").

Thus, there are two ways this suit could proceed: (1) if Civetta caused the injury and was somehow not deemed an independent contractor, or (2) if the VA itself caused the injury. Each scenario is discussed separately.

### A. Was Civetta an Independent Contractor?

To determine whether an entity was an independent contractor for FTCA purposes, courts look to whether the Government controlled the detailed physical performance of the contractor or supervised its day-to-day operations. *Roditis*, 122 F.3d at 111. "The question is appropriately resolved by looking at the language of the contract between the Government and the contracting entity, in order to determine whether the contract provides for detailed day-to-day supervision of the contractor's physical performance, or rather grants the contractor autonomy in the performance of his work." *Korotkova v. United States*, 990 F. Supp. 2d 324, 328 (E.D.N.Y. 2014).

The contract between the VA and Civetta incorporated a host of government-contracting terms. (*See* Dkt. No. 11-1 at 46–47.) These terms provided, for example, that "the Contractor shall directly superintend the work or assign and have on the worksite a competent superintendent who is satisfactory to the Contracting Officer and has authority to act for the Contractor." (*See* Dkt. No. 10 at 7.) Another provision specifies that "[t]he contractor shall provide all necessary labor and material for the construction of the floodwall at the perimeter." (Dkt. No. 11-1 at 2.) These terms, coupled with the fact that they refer to Civetta as a

"contractor," indicate that Civetta was a contractor, not an employee. Indeed, Esgrance does not contest this point.

Accordingly, the independent-contractor exception bars any suit against the VA relating to Civetta's alleged negligence.

**B.     Did the Government Cause Esgrance's Injury?**

Because Civetta was an independent contractor, the only way Esgrance can sue under the FTCA is if the VA itself caused his injury. And this is exactly what Esgrance argues.

In Esgrance's retelling, he worked outside the VA building, while the water came from the inside of the building, which was the province of the VA. (*See* Dkt. No. 14-1 ¶¶ 6–8.) Water and moisture somehow appeared on the walls and foundation, and water was pumped out from the basement. Esgrance argues that the VA—not Civetta—was responsible for the pump, and that the slippery conditions preceded Civetta's role on the site. And because his injury was not caused by an independent contractor, Esgrance argues, the independent-contractor exception does not apply.

Esgrance's allegations on this front are meager, but they are enough to avoid dismissal. The Government argues that even if the VA caused the slippery conditions, it is not legally responsible for Esgrance's injury because it was Civetta's job to keep the site clean. (*See* Dkt. No. 10 at 3 (quoting incorporated regulations requiring the contractor to "[s]afeguard the public and Government personnel, property, materials, supplies, and equipment exposed to Contractor operations and activities" and "keep the work area, including storage areas, free from accumulations of waste materials").) But the mere fact that a contractor is responsible for site safety does not bar suit for Government negligence. For example, even if a contractor is responsible for site safety, a plaintiff can still sue if Government negligence caused cement to

4

fall from a Government building onto the job site. *See Jappa v. PJR Constr. Co.*, No. 84 Civ. 3067, 1985 WL 3046, at *2 (S.D.N.Y. Oct. 4, 1985).

The case most like this one is *Lopez v. United States*, No. 15 Civ. 9695, 2016 WL 7156773 (S.D.N.Y. Dec. 7, 2016). The plaintiff in that case was a passerby who slipped outside a Government building. Like here, the Government had delegated responsibility for cleaning the sidewalk to a private company. *Id.* at *7. Like here, the court concluded that the private company was an independent contractor. *Id.* Like here, the plaintiff alleged that the slippery substance had oozed from an area controlled exclusively by the Government. *Id.* at *8. And like here, the court in *Lopez* held that "the question of whether Government employees themselves engaged in acts or omissions of negligence is not only intertwined with the merits of [the plaintiff's] cause of action—it *is* the merits." *Id.* at *9. Unlike *Lopez*, however, the Government does not move to dismiss under Rule 12(b)(6), so the Court's analysis ends here.

In sum, the key issue is who caused Esgrance's injury. If it was Civetta, Esgrance cannot sue. If it was the VA, he can. The Complaint alleges that it was the VA, creating a factual dispute that requires fact discovery.

## IV. Conclusion

For the foregoing reasons, the government's motion to dismiss is DENIED as to Count One and GRANTED as to Counts Two and Three. The Government shall file an answer within fourteen days from the date of this order.

The Clerk of Court is directed to close the motion at Docket Number 9.

SO ORDERED.

Dated: June 11, 2018
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

5